**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARILYN RICHARDSON, for herself and class members, and PEOPLE OF THE STATE OF ILLINOIS ex rel MARILYN RICHARDSON, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| ACCOUNT CONTROL SYSTEMS INC., | ) ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Marilyn Richardson, and the People of the State of Illinois (ex rel Marilyn Richardson) seek redress from the illegal practices of Account Control Systems Inc., in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA").

### JURISDICTION AND VENUE

2.      Jurisdiction exists per 15 U.S.C. §1692k, and 28 U.S.C. §§1331, 1337 and 1367.

3.      Because defendant does business in, and sent collection letters into, this District, personal jurisdiction and venue are proper here.

### PARTIES

4.      Marilyn Richardson lives in Cicero, Illinois.  She received a collection letter (Exhibit A) at her residence from Account Control Systems, seeking to collect on a debt incurred with "Amerimark," an online retailer, for personal, family or household purposes.

5.      Account Control Systems – a New Jersey corporation located at 148 Veterans Drive, Suite D, Northvale, New Jersey 17647 – is a "debt collector" as defined by 15 U.S.C. §1692a, and a "collection agency" as defined by 225 ILCS 425/2.  It uses the mail, telephone and electronic wire systems to attempt collection of consumer debts originally owed to others.  Its

1

website (http://www.accountcontrolsystems.com/acs2013_services.html, see <u>Exhibit B</u>) further

states that it is a national collection agency which operates a call center, and hires collection

attorneys across the nation.  As shown by <u>Exhibit A</u>, it also sends collection letters to consumers.

## FACTS

### *Collection activity without a license*

6.      Under the ICAA, collection agencies must be licensed before they collect any

money from Illinois residents.  Under 225 ILCS 425/4,

> No collection agency shall operate in this State, directly or indirectly engage in the
> business of collecting, solicit claims for others, have a sales office, a client, or solicit a
> client in this State, exercise the right to collect, or receive payment for another of any
> account, bill or other indebtedness, without registering under this Act except that no
> collection agency shall be required to be licensed or maintain an established business
> address in this State if the agency's activities in this State are limited to collecting debts
> from debtors located in this State by means of interstate communication, including
> telephone, mail, or facsimile transmission from the agency's location in another state
> provided they are licensed in that state and these same privileges are permitted in that
> licensed state to agencies licensed in Illinois.

7.      This requirement furthers the purpose of the ICAA stated in 225 ILCS 425/1a:

> The practice as a collection agency by any entity in the State of Illinois is hereby
> declared to affect the public health, safety and welfare and to be subject to regulation and
> control in the public interest. It is further declared to be a matter of public interest and
> concern that the collection agency profession merit and receive the confidence of the
> public and that only qualified entities be permitted to practice as a collection agency in
> the State of Illinois. This Act shall be liberally construed to carry out these objects and
> purposes. It is further declared to be the public policy of this State to protect consumers
> against debt collection abuse.

8.      Per 225 ILCS 425/14 and 425/14b, unlicensed debt collection is a crime.

9.      As shown by <u>Exhibit C</u>, Account Control Systems is not licensed as an Illinois

debt collector as required by 225 ILCS 425/4.  Nor is it licensed by New Jersey (which does not

give licenses to collection agencies).

10.     As a result, Account Control Systems was not entitled to collect anything either

from Richardson or from any Illinois resident.

### *Unfair disclosure of account information*

11.     <u>Exhibit A</u> is a form letter that uses barcoded addresses and return addresses; these

barcodes permit Account Control Systems to use bulk-mailing discounted postage rates.

12.     Exhibit A is designed so that the debtor's address would be displayed by use of a "window envelope."  Exhibit A was in fact sent in such a "window envelope" to Richardson.

13.     The account number for Richardson's alleged debt was visible through the "window" of the envelope used to send the letter to her.  That account number (ending in -587) appears just below the barcoding found in the address box at the top left corner of Exhibit A, and also appears in the body of the letter, and in a box in the top right corner.

14.     Publicly displaying the account number violated 15 U.S.C. §1692f(8).  *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014).  15 U.S.C. §1692f(8) provides:

> a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....
>
> > (8)     using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business....

### False and unfair representations as to transaction fees

15.     Exhibit A also states that it would charge a $5.00 "transaction fee" for a credit card payment, or by a "check by phone" payment.  Such fees are not permitted by Illinois law; representing that collection of such fees was appropriate was false and unfair, and thus illegal under 15 U.S.C. §§1692e and 1692f.

16.     15 U.S.C. §§1692f and 1692f(1) prohibit the use of unfair or unconscionable collection methods generally, and specifically bars "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

17.     Under 15 U.S.C. §1692e,

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section....
>
> > (2)     The false representation of –

3

     (A)     the character, amount, or legal status of any debt; or

     (B)     any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.... [or]

(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....

## <u>COUNT ONE – UNLICENSED COLLECTION ACTIVITY</u>

18.     Under 225 ILCS 425/14a,

The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. ***The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice.*** Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.

19.     On account of its unlicensed collection activities, described above, the People of the State of Illinois (through Richardson) seek relief for the violations of 225 ILCS 425/4 committed by Account Control Systems.

WHEREFORE, the People of the State of Illinois (through Richardson) seek

(A)     an injunction against further collection activity by Account Control Systems against Illinois residents,

(B)     attorney's fees, litigation expenses and costs, and

(C)     all other proper relief.

## COUNT TWO – PUBLICATION OF ACCOUNT INFORMATION

20.     Given the display of Richardson's account number in the address block of Exhibit A, and its visibility through a "window envelope" in which it was mailed, Account Control Services violated 15 U.S.C. §1692f(8).

## CLASS ALLEGATIONS

21.     Richardson seeks relief for a class including residents of Illinois who were sent a letter in the form represented by Exhibit A, at any time on or after a date one year prior to the filing of this action, or on or before a date 20 days after the filing of this action, seeking to collect a debt allegedly owed to Amerimark.

22.     Given the use of a form letter utilizing barcodes that are designed to permit the sender to use bulk-mailing postage rates, joinder of all class members is not practicable.

23.     There are questions of law and fact that class members hold in common, including whether displaying an account number so that it is visible without opening the envelope violates the FDCPA.  This common question predominates over individual issues.

24.     Plaintiff's claims are typical of class members' claims, as they are based on the same facts and legal theories.

25.     As plaintiff has retained counsel experienced in class actions and FDCPA litigation, and holds no interests which conflict with fellow consumers in the class, she will fairly and adequately represent class members.

26.     A class action is superior to other claim resolution methods, for (A) individual actions are not economically feasible, (B) members of the class are likely to be unaware of their rights, and (C) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, Richardson seeks judgment for herself and a class awarding

(A)     statutory damages,

(B)     attorney's fees, litigation expenses and costs, and

5

(C)     all other proper relief.

## COUNT THREE – IMPROPER DEMAND FOR TRANSACTION FEES

27.     Given the demand for "transaction fees" not authorized by law in Exhibit A,
Account Control Services violated 15 U.S.C. §§1692e and 1692f.

## CLASS ALLEGATIONS

28.     Richardson seeks relief for a class including residents of Illinois who were sent a
letter in the form represented by Exhibit A, at any time on or after a date one year prior to the
filing of this action, or on or before a date 20 days after the filing of this action, seeking to
collect a debt allegedly owed to Amerimark.

29.     On information and belief, the class is so numerous that joinder of all members is
not practicable.

30.     There are questions of law and fact that class members hold in common,
including whether demanding a transaction fee not authorized by law violates the FDCPA.  This
common question predominates over individual issues.

31.     Plaintiff's claims are typical of class members' claims, as they are based on the
same facts and legal theories.

32.     As plaintiff has retained counsel experienced in class actions and FDCPA
litigation, and holds no interests which conflict with fellow consumers in the class, she will fairly
and adequately represent class members.

33.     A class action is superior to other claim resolution methods, for (A) individual
actions are not economically feasible, (B) members of the class are likely to be unaware of their
rights, and (C) Congress intended class actions to be the principal enforcement mechanism under
the FDCPA.

WHEREFORE, Richardson seeks judgment for herself and a class awarding

(A)     statutory damages,

(B)     actual damages payable to any person charged a "transaction fee" after

6

responding to the letter in the form of <u>Exhibit A</u>,

(C)    attorney's fees, litigation expenses and costs, and

(D)    all other proper relief.

<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Cathleen M Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

<u>/s/ Daniel A. Edelman</u>
Daniel A. Edelman